IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAMIEAN DEVON TOLSON  #366758, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:19-cv-00175 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| WARDEN WASHBURN, et al., | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION**

Damiean Tolson, a state inmate confined in the Trousdale Turner Correctional Center in

Hartsville, Tennessee, filed a pro se complaint for alleged violation of his civil rights pursuant to

42 U.S.C. § 1983 and has paid the filing fee.   The complaint (Doc. No. 1) is before the Court for

an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A and

42 U.S.C. § 1997e.

I.     **STANDARD OF REVIEW**

Title 28 U.S.C. § 1915A requires the Court to conduct an initial review of any complaint

in which a prisoner seeks redress from a governmental entity, officer, or employee, and to dismiss

the complaint or any part of it that is facially frivolous or malicious, if it fails to state a claim upon

which relief may be granted, or if it seeks monetary relief against a defendant who is immune from

such relief.  In reviewing the complaint to determine whether it states a plausible claim, "a district

court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-

pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488

(6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).  A pro se pleading

must be liberally construed and "held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a § 1983 claim, a plaintiff must allege that: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) "'the deprivation was caused by a person acting under color of state law.'" *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995) (internal quotation marks and citation omitted)); 42 U.S.C. § 1983.

## II.    FACTUAL ALLEGATIONS

The only factual allegations appearing in Plaintiff's complaint are that: (1) he has "filled out a bunch of requests to see the eye doctor for a basic eye exam, yet . . . they just recklessly deny all the requests," which he claims is "deliberate retaliation and on going harassment"; and (2) he "was denied any medical treatment" and that "when he asked for a nurse," a "nurse came to the door and just said 'He refused treatment' and left with reckless abandon." (Doc. No. 1 at 5.) However, in the portion of the complaint form calling for his Statement of Claim, Plaintiff responds "Continued PG 1–8," which the Court construes to incorporate the factual allegations in his contemporaneously filed 8-page motion for temporary restraining order. (*See* Doc. No. 1 at 4; Doc. No. 2.) Accordingly, the Court considers this motion to be part of Plaintiff's complaint for the purpose of initial review.

Plaintiff alleges that when he arrived at the prison on November 30, 2018, he was immediately placed in segregation for no reason. (Doc. No. 2 at 2.) On December 6, 2018, Plaintiff

received a disciplinary write-up for defiance, which was immediately dismissed "because the officer lied in the report and violated T.D.O.C. policy in doing so." (*Id.*) Nevertheless, Plaintiff remained in segregation for 14 days, during which he was "harassed by the staff/defendants." (*Id.*) Specifically, he says that Defendants Roach, Hudson (the disciplinary hearing officer), and Hunt denied him access to the library, any legal assistance, and the telephone, despite his explanation that he had cases pending in court with "time sensitive statutes of limitations." (*Id.* at 2, 3.) Plaintiff reported that "inappropriate conduct" to the warden. (*Id.*) While that grievance was pending, Plaintiff alleges he was harassed by Defendant Hudson in an "isolated incident" at his cell door when Hudson referenced the dismissed disciplinary charge and called Plaintiff a "coward and a bi*** [sic]." (*Id.*) He claims that "Hudson is carrying out some sort of retaliation attempt for the Plaintiff having got his 'defiance' write up dismissed and reported their violations to the warden in a grievance." (*Id.*)

Plaintiff alleges that on December 14, 2018, he was released from segregation, but as he was leaving the segregation pod, Defendant Hudson gestured to Plaintiff with his middle finger, cursed at him and verbally harassed him, and then "attacked the Plaintiff sporadically." (Doc. No. 2 at 3.) He says this attack was connected to Hudson's anger against him for the dismissal of the disciplinary charge. (*Id.* at 2.) Plaintiff alleges that he only defended himself from Hudson, but that Plaintiff "was portrayed as the aggressor" and unnamed staff "used excessive force in spraying and restraining the Plaintiff unnecessarily." (*Id.* at 3.) Plaintiff was returned to segregation, where the harassment continued. (*Id.*) He alleges that he was deprived of any property for a full 30 days, in violation of policy, and that his property ultimately disappeared from the property room without ever returning to him because staff had intentionally allowed other inmates to steal it. (*Id.* at 3, 6.) He says he was denied legal mail, legal assistance, and phone calls with his attorneys, resulting in

his inability to prepare for a court date and to meet "time sensitive schedules" in pending legal cases. (*Id.* at 3, 4.) He was denied haircuts. (*Id.* at 4.) On Hudson's instruction, officers Carter and Smith (not named as Defendants to this action) refused Plaintiff food trays for 48 hours, and Plaintiff was denied a shower for 12 days. (*Id.* at 3, 5.) Hudson continued his verbal harassment of Plaintiff, and Plaintiff alleges that all of these deprivations were inflicted in "retaliation for the incident with SCO Hudson." (*Id.* at 3–4.)

On January 11, 2019, Plaintiff was released from punitive segregation but informed by Defendants Hudson and Roach that he had been reclassified to close custody without prior notice or hearing and would simply be moving to a different segregation pod. (*Id.* at 5.) Plaintiff objected to the move, but Hudson and Roach physically forced him to move to the new housing assignment by cutting off the water in his cell "and refus[ing] to feed him until he complied." (*Id.*) He does not say how long it took for him to comply. Plaintiff received his written reclassification notice on January 25, 2019, and acknowledges that he ultimately "signed the actual re-class paperwork," but alleges that being treated as a close custody inmate between January 11 and January 25 constitutes cruel and unusual punishment. (*Id.*) And again, he alleges that this mistreatment is part of "on going harassment as a retaliation for the incident of assault on SCO Hudson." (*Id.*)

In addition to Defendants Hudson, Roach, and Hunt, Plaintiff sues the prison warden, the chief of security, and his case manager, seeking damages totaling $60,000. (Doc. No. 1 at 1–3, 5.) He has also filed a motion for temporary restraining order asking to be transferred to another facility. (Doc. No. 2 at 1.)

### III. ANALYSIS

#### A. Medical Needs

Plaintiff alleges that he has been denied a basic eye exam despite several requests.

Deliberate indifference to an inmate's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment rights of convicted prisoners and Fourteenth Amendment rights of pretrial detainees. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). But a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013). And the "deliberate indifference" necessary to violate the Constitution is a higher standard than negligence and requires that the official know of and disregard an excessive risk to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff does not allege that he suffers from any disease or injury of his eye(s) that has been diagnosed or otherwise obviously requires any treatment. The failure to provide a routine eye exam since Plaintiff's arrival at Trousdale Turner on November 30, 2018, does not constitute cruel and unusual punishment in violation of the Eighth Amendment. This claim will be dismissed.

B. Use of Force

Plaintiff alleges that on December 14, 2018, Defendant Hudson "attacked the Plaintiff sporadically," and that unnamed staff then "used excessive force in spraying and restraining the Plaintiff unnecessarily." (Doc. No. 2 at 3.) An Eighth Amendment excessive force claim has both a subjective and objective component. *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). To determine whether the subjective component is met, the question is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).

Considerations relevant to this subjective component may include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Williams*, 631 F.3d at 383 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). The objective component asks whether the pain inflicted was "sufficiently serious." *Williams*, 631 F.3d at 383 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective component is met when force is used maliciously and sadistically to cause harm whether or not significant injury is evident. *Williams*, 631 F.3d at 383 (citing *Wilson*, 501 U.S. at 289); *see also Wilkins*, 559 U.S. at 34.

Plaintiff does not allege what, if any, injury he suffered as a result of the alleged attack. The Supreme Court has clarified, however, that an inmate is not required to establish that he suffered from a significant injury requiring medical attention, or any other "arbitrary quantity of injury," to satisfy the objective prong of an Eighth Amendment excessive force claim. *Wilkins*, 559 U.S. at 39. The extent of an inmate's injury is but one factor to consider in determining the reasonableness of the force exercised, and any use of force "of a sort repugnant to the conscience of mankind" may be prohibited by the Eight Amendment. *Id.* at 37–38. The "'core judicial inquiry' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* at 37 (quoting *Hudson*, 503 U.S. at 7). "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Id.* at 38. Plaintiff here alleges that Hudson's attack on him was motivated by malice against Plaintiff arising from the dismissal of a disciplinary charge. For the purposes of initial review, the Court finds that Plaintiff has alleged the bare minimum to

6

state a nonfrivolous claim for excessive force against Defendant Hudson, which requires further development to determine what Hudson did and whether it was reasonable under the applicable standard. However, Plaintiff has not stated any claim with regard to the allegedly unnecessary spraying, because he does not identify the individuals who sprayed him or name any John Doe defendants in his complaint.

C. Access to Courts and Counsel

Plaintiff complains at length about being denied access to legal resources, mail, and attorney communication, and he makes general references to statutes of limitation and pressing scheduling matters, but he does not allege that he was actually disadvantaged in any pending or anticipated litigation as a result of any of those obstacles. Prisons must enable inmates to exercise their right to access the courts by providing libraries or alternative sources of legal knowledge, as well as the tools to draft and authenticate legal filings and postage to submit them. *Bounds v. Smith*, 430 U.S. 817, 824–25 (1977). But to state a claim for infringement on the right to access the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). In other words, a plaintiff must plead and demonstrate that the lack of access about which he complains has hindered, or is presently hindering, his efforts to pursue a non-frivolous legal claim. *Id.* at 351–53. Further, the Supreme Court squarely held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). Thus, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id.* at 417–18. Plaintiff fails to satisfy this standard, and his access-to-courts claim will be

dismissed.

D. Retaliation

Plaintiff alleges repeatedly that the mistreatment he has experienced since December 14, 2018, has been in "retaliation for the incident with SCO Hudson," or, more specifically, "retaliation for the incident of assault on SCO Hudson." (Doc. No. 2 at 3–4, 5.) An inmate states a claim for unconstitutional retaliation when he establishes that: (1) the plaintiff engaged in conduct protected under the First Amendment; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff's claim fails at the first prong of this analysis, because fighting with a prison guard is not constitutionally protected conduct. Plaintiff's retaliation claim will be dismissed.

Plaintiff also alleges, however, that his mistreatment specifically by Defendant Hudson, including the attach on December 14, has been "some sort of retaliation attempt for the plaintiff having got his 'defiance' write up dismissed and reported their violations to the warden in a grievance." (Doc. No. 2 at 2.) Filing an institutional grievance and raising a defense to a disciplinary charge may constitute protected activity under the First Amendment, *see Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (explaining that "protected conduct includes a prisoner's undisputed First Amendment right to file [non-frivolous] grievances against prison officials on his own behalf" (internal punctuation and citation omitted)); *Keerikkattil v. Hrabowski*, No. CIV.A. WMN-13-2016, 2013 WL 5368744, at *7 (D. Md. Sept. 23, 2013) (undisputed that student's "defense against the disciplinary charges was constitutionally-protected free speech"); *Holmes v. Grant*, No. 03 CIV. 3426 RJH RLE, 2006 WL 851753, at *15 (S.D.N.Y. Mar. 31, 2006) (inmate's

8

defense against assault charge and appeal of disciplinary conviction is protected conduct), and the alleged physical attack and subsequent harsh treatment could arguably deter an ordinary person from further engaging in the protected conduct. Accordingly, Plaintiff has stated a colorable claim against Defendant Hudson for retaliation.

E. Harassment

Many of Plaintiff's allegations involve petty verbal harassment, name-calling, a crude gesture, and threats. But harassment and verbal abuse, no matter how "shameful and utterly unprofessional," do not violate the Eighth Amendment. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545–46 (6th Cir. 2004) (affirming dismissal for failure to state a claim where plaintiff's allegations included continuous insulting remarks by guard); *see also Morrison v. Greenwald*, No. 3:09-CV-009, 2010 WL 1253962, at *9 (S.D. Ohio Feb. 24, 2010), *report and recommendation adopted*, No. 3-:09-CV-009, 2010 WL 1253958 (S.D. Ohio Mar. 23, 2010) ("The Constitution does not protect inmates (or anyone else) from gross insults by public officials, including prison guards."). Even threats to physically assault an inmate do not constitute punishment that violates an inmate's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004). Accordingly, any claim arising from the verbal harassment and threats Plaintiff alleges will be dismissed.

F. Property Loss

Plaintiff complains that some of the Defendants intentionally allowed his property to be stolen by other inmates. The Due Process Clause of the Fourteenth Amendment protects against the unlawful taking of a person's property by public officers. However, the Supreme Court has held that, where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause

of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Because the Plaintiff's claims are premised upon allegedly unauthorized acts of state officials, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995). Under settled Sixth Circuit law, a prisoner's failure to plead the inadequacy of state post-deprivation remedies requires dismissal of his Section 1983 due process action. *Id.*; *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985). Plaintiff has failed to meet that burden in this case. Moreover, the Sixth Circuit has expressly held that "the State of Tennessee has provided adequate procedures to assure the return of items either negligently or intentionally converted, *see* Tenn. Code Ann. § 9-8-207, and in the absence of resort to state remedies, we do not believe that a federal court may assert jurisdiction." *Brooks*, 751 F.2d at 199. Accordingly, Plaintiff's claim for deprivation of his property will be dismissed.

The Court observes that one of the items Plaintiff alleges was taken from him was a Star of David necklace that was "snatched off" in the aftermath of the physical altercation on December 14 and never returned. Plaintiff alleges that he "is Jewish and his spirit is being irreparably damaged" by this loss, but he does not allege that this loss or any other action by Defendants has prevented or burdened his exercise of religion. Accordingly, any claim of alleged violation of Plaintiff's constitutional or statutory religious liberties will be dismissed. *See Barhite v. Caruso*, 377 F. App'x 508, 511 (6th Cir. 2010) (inmate's religious liberties claim failed under both First Amendment and RLUIPA where he did not allege that items seized were necessary for the practice of his religion or substantially burdened his religious exercise).

G. Conditions of Confinement

The Court turns finally to Plaintiff's several complaints about general conditions of his

confinement. As an initial matter, Plaintiff's repeated protests that his treatment is in violation of various department or prison policies fail to state a claim for a due process violation under Section 1983. *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995) ("A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable."); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 240 (6th Cir. 1992) ("failure to comply with a state regulation is not itself a constitutional violation"). This is true even with regard to Plaintiff's complaints about his unexplained temporary segregation and the allegedly improper procedure used for his subsequent reclassification to close custody. Inmates have no constitutional right to a particular security classification. *Ford v. Martin*, 49 F. App'x 584, 586 (6th Cir. 2002) ("To the extent that Ford has argued that the defendants improperly changed his security classification, such reclassification does not constitute an atypical and significant hardship on him because a prisoner has no right to a particular security level."). And even extended stays in segregation, and the deprivations commonly associated with such stays, do not impose an "atypical and significant" hardship on an inmate sufficient to implicate a constitutional liberty interest. *Jones v. Baker*, 155 F.3d 810, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)).

Plaintiff's remaining claims are about the withholding of haircuts, showers, food, and water. The Eighth Amendment requires prison officials "to provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

An inmate "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), *quoted in Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison confinement.'" *Richmond v. Settles*, 450 F. App'x 448, 454–55 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)). Therefore, to establish an Eighth Amendment violation, a plaintiff must make an objective showing of the deprivation of "the minimal civilized measure of life's necessities." *Id.* at 454 (quoting *Rhodes*, 452 U.S. at 347); *see also Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000) (citing *Farmer,* 511 U.S. at 834) ("[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."). For Eighth Amendment purposes, adequate food is characterized as "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir.1986) (quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir.1977)) (footnote omitted).

Eighth Amendment claims also have a subjective component. *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The subjective component requires that the defendant prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer*, 511 U.S. at 834.

Plaintiff's allegation about being denied haircuts clearly does not rise to the level necessary to violate the Eighth Amendment. *Chomos v. Palmer*, No. 1:15-CV-395, 2015 WL 1962965, at *8 (W.D. Mich. Apr. 30, 2015) (explaining that the "allegation that he missed a haircut demonstrates a temporary inconvenience of the most minimal sort. The allegation wholly fails to support an Eighth Amendment claim."). However, there is Sixth Circuit precedent indicating that being denied a shower for twelve days may satisfy the objective component of an Eight Amendment

violation. *See Walker v. Mintzes*, 771 F.2d 920, 928 fn.5 (6th Cir. 1985) (affirming the district court's finding that segregated inmates are entitled to at least one shower per week). Plaintiff has therefore stated a non-frivolous claim for that Eighth Amendment violation against Defendant Hudson, on whose orders Plaintiff allegedly was prevented from showering.

Plaintiff has also stated a non-frivolous claim regarding the denial of food and water. Plaintiff's claim for the initial 48-hour denial of food trays is against Defendant Hudson, who allegedly ordered the withholding of food. He also states a claim against both Hudson and Roach for the subsequent incident of withholding food and water due to his refusal to move to his newly assigned cell. These claims require further development to determine whether the deprivations were inflicted wantonly and were prolonged enough to constitute cruel and unusual punishment. *Clark-Murphy v. Foreback*, 439 F.3d 280, 292 (6th Cir. 2006) ("[I]t should come as no surprise that [inmate] had a clearly established right not to be deprived of food and water.").

In finding that Plaintiff has stated claims for Eighth Amendment violations in connection with Defendants' withholding of food, water, and showers, the Court is cognizant of the fact that he has not alleged any physical injuries arising from those deprivations, as required for an inmate to recover damages for any mental or emotional injury suffered while in custody. 42 U.S.C. § 1997e(e). Whether the lack of physical injury constitutes a legal bar to Plaintiff's claim or simply limits the damages he might recover, however, is a question that requires further development to resolve. *See Jackson v. Herrington*, 393 F. App'x 348, 354 n.6 (6th Cir. 2010) ("We decline to address [inmate's] contention concerning other circuits' determinations that § 1997e(e) does not bar recovery of punitive or nominal damages."); *Miller v. Bock*, 55 F. App'x 310, 312 (6th Cir. 2003) (stating that claims for punitive damages "are not necessarily barred by section 1997e(e)"); (*see* Doc. No. 1 at 5 (seeking punitive damages)).

H.  Temporary Restraining Order

Plaintiff requests a temporary restraining order to transfer him to another prison. (Doc. No. 2 at 1.)  The same standard generally applies to the issuance of temporary restraining orders and preliminary injunctions. *Ne. Ohio Coal. for Homeless & Serv. Emps Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).  The court must assess four factors to determine whether a plaintiff is entitled to a preliminary injunction: "(1) whether [a movant] has demonstrated a strong likelihood of success on the merits; (2) whether he will suffer irreparable injury in the absence of equitable relief; (3) whether the stay will cause substantial harm to others; and (4) whether the public interest is best served by granting the stay." *Cooey v. Strickland*, 589 F.3d 210, 218 (6th Cir. 2009).  "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

As explained above, most of Plaintiff's allegations fail to state any constitutional claims for relief.  He has sufficiently stated arguable claims for Eighth Amendment violations based on past events, but regardless of any likelihood of eventual success on those claims, they do not establish that he will suffer irreparable injury in the future in the absence of the transfer Plaintiff requests.  Moreover, there is a "public interest in leaving the administration of state prisons to state prison administrators." *Rhinehart v. Scutt*, 509 F. App'x 510, 516 (6th Cir. 2013).  The balance of those equities on this record leads the Court to deny Plaintiff's motion.

IV.   **CONCLUSION**

For the reasons set forth above, Plaintiff states non-frivolous claims against Defendants Hudson and Roach for the alleged Eighth Amendment violations identified above and against Defendant Hudson for retaliation.  Process shall issue on those claims, and all others will be

dismissed.  Plaintiff has not alleged the personal involvement of any of the other named Defendants in any violation of his constitutional rights, and they will be dismissed from this case. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (requiring personal involvement for liability under Section 1983); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (supervisory capacity alone not sufficient to establish liability).  Plaintiff's motion for temporary restraining order will be denied.

An appropriate Order shall be entered.


*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE