IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAMIEAN DEVON TOLSON,            )
                                 )
    Plaintiff,                    )
                                 )
v.                               )   NO. 3-19-cv-00175
                                 )   JUDGE RICHARDSON
WARDEN WASHBURN, et al.,         )
                                 )
    Defendants.                   )

## ORDER AND MEMORANDUM OPINION

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 74) and Objections filed by the Plaintiff (Docket Nos. 77-81).[1]

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. For the reasons set forth

---

[1] Plaintiff's Objections at Docket No. 79 are the same as his Objections at Docket Nos. 77 and 78. Plaintiff's Objection at Docket No. 81 is the same as his Objection at Docket No. 80.

below, the Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved.

## BACKGROUND

This action arose from Plaintiff's confinement at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee. Plaintiff sued numerous employees of TTCC, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The Court initially screened the Complaint under 42 U.S.C. §§ 1915A and 1997e and found that Plaintiff had stated several colorable claims. (Doc. No. 15). After the Court's screening Order, Plaintiff filed an Amended Complaint (Doc. No. 46). The pending Report and Recommendation represents the Magistrate Judge's screening of the Amended Complaint. (Doc. No. 74 at 4).

The Magistrate Judge has recommended that the following claims be allowed to proceed: excessive force claims against Defendants Jent and Harmon in their individual capacities; deliberate indifference to medical needs claims against Defendants Jent and Roach in their individual capacities; conditions of confinement claims against Defendants Hudson, Roach, Carter, and Naveret in their individual capacities; a Sixth Amendment claim against Defendant Greer in his individual capacity; and a retaliation claim against Defendant Hudson in his individual capacity. (Doc. No. 74). She recommends that all other claims be dismissed. (*Id*.)

## PLAINTIFF'S OBJECTIONS

In Objection No. 1, Plaintiff contends that his due process claim for not being able to appeal the finding that he was guilty of sexual misconduct[2] should not be dismissed because his not being able to appeal violated Tennessee Department of Corrections ("TDOC") policy, the "Rights of

---

[2] On February 26, 2019, Plaintiff was written up for sexual misconduct and found guilty. Plaintiff alleges that Defendant Hudson refused to give him the paperwork needed to appeal that finding.

2

Prisoners Chapter 10 §50," and the "ABA Standards on Treatment of Prisoners." Plaintiff has cited no authority, and the Court knows of none, holding that violation of TDOC policy alone or violation of either of the two referenced publications constitutes a constitutional violation. The Magistrate Judge found that denial of the right to appeal his grievance was not an "atypical, significant hardship" and did not violate due process, citing *Harden-Bey v. Rutter*, 524 F. 3d 789, 792-93 (6th Cir. 2008).[3] Plaintiff has failed to show otherwise. Plaintiff's first Objection is overruled.

In Objection No. 2, Plaintiff asserts that the loss of his property[4] under Defendants' "negligent care and custody" constituted a violation of his due process rights. To show a violation of constitutional rights, however, a plaintiff must allege more than negligence. Allegations of negligence are insufficient to entitle a plaintiff to relief under Section 1983. *Duckett v. Cumberland Cty. Sheriff Dep't*, No. 2:18-cv-00024, 2019 WL 1440635, at *5 (M.D. Tenn. Apr. 1, 2019); *Seabrooks v. Core Civic*, No. 3:17-cv-01328, 2018 WL 2303281, at *7 (M.D. Tenn. May 21, 2018); *Daily v. CCA-WCFA Whiteville Transp. Officers*, No. 3:18-cv-0146, 2018 WL 1583980, at

---

[3] In *Hayden-Bey*, the court held that an inmate retains a liberty interest, guarded by due process, with respect to state-imposed prison discipline that rises to the level of an "atypical and significant hardship on the inmate." *Hayden-Bey*, 524 F. 3d at 792 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "To implicate a cognizable liberty interest in the prison setting . . . the discipline must be unusual and substantial 'in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin*, 515 U.S. at 484). In *Sandin*, the Court found that an inmate's placement in disciplinary segregation for 30 days did not present the type of atypical, significant deprivation that implicated a protected liberty interest. *Id.* Here, Plaintiff was placed in disciplinary segregation for two weeks.

[4] Plaintiff contends that he was denied access to his personal property for 30 days (as part of a disciplinary punishment), after which he claims his property (worth $1500) was "missing." Plaintiff claims he repeatedly tried to reclaim that property, including filing a lost property claim with the Tennessee Claims Commission, which dismissed his claim for lack of jurisdiction.

*4 (M.D. Tenn. Apr. 2, 2018) (mere negligence is insufficient as a matter of law to state a claim under Section 1983).

The Magistrate Judge found that, in cases such as this, where a plaintiff alleges that property was lost due to random and unauthorized acts of government officials, "post-deprivation tort remedies are all the process that is due." (Doc. No. 74 at 19) (citing *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014)). As the Magistrate Judge found, Plaintiff has not shown that his state remedies for the alleged loss of property are inadequate.

Plaintiff alleges that he filed a lost property claim with Core Civic, that claim was approved, and then Core Civic reneged on that approval, thereby allegedly committing a breach of contract. (Doc. No. 78 at 2). But there is no contract identified between Plaintiff and Core Civic or between Plaintiff and Defendants upon which a breach of contract claim could be brought. Although Plaintiff argues he cannot sue Core Civic in this action, he can sue Core Civic for the loss of his property in state court (under state law). (Doc. No. 74 at 20 (quoting *Younger v. State*, 205 S.W.3d 494, 499 (Tenn. Ct. App. 2006) (proper defendant for negligence claims arising from the action of private contractors or their employees in operating correctional facilities is the contractor)). Plaintiff's second Objection is overruled,

In his third Objection, Plaintiff contends that his claims concerning his legal mail being delivered late, being opened, missing contents, and being delivered to another inmate constitute violations of TDOC policy. Again, Plaintiff has not shown that a violation of TDOC policy alone is a constitutional violation. The Magistrate Judge found that Plaintiff's claim for interference with his legal mail fails because Plaintiff did not allege that he had been prejudiced as a result of such interference and no prejudice to Plaintiff is independently apparent. (Doc. No. 74 at 22, n.9). Plaintiff's Objection fails to point to any such prejudice.

## **CONCLUSION**

For these reasons, Plaintiff's Objections are overruled, and the Report and Recommendation is adopted and approved. Accordingly, the following claims alleged by Plaintiff in the Amended Complaint shall be allowed to proceed in this case: excessive force claims against Defendants Jent and Harmon in their individual capacities; deliberate indifference to medical needs claims against Defendants Jent and Roach in their individual capacities; conditions-of-confinement claims against Defendants Hudson, Roach, Carter, and Naveret in their individual capacities; Sixth Amendment claim against Defendant Greer in his individual capacity; and retaliation claim against Defendant Hudson in his individual capacity. All other claims are **DISMISSED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

5

Case 3:19-cv-00175   Document 82   Filed 08/12/20   Page 5 of 5 PageID #: 536