UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAMIEAN DEVON TOLSON,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN WASHBURN et al.,<br><br>    Defendants. | Case No. 3:19-cv-00175<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This Order addresses six motions filed by pro se Plaintiff Damiean Devon Tolson in this civil rights action brought under 42 U.S.C. § 1983: a motion for a court order to release specific documents from Tolson's medical record (Doc. No. 87); two motions to ascertain the status of that motion (Doc. Nos. 106, 110); a motion to subpoena Trousdale Turner Correctional Center (TTCC) employee records (Doc. No. 111); a motion to quash a subpoena (Doc. No. 112); and a motion to ascertain the status of this action (Doc. No. 137).

For the reasons that follow, Tolson's three motions to ascertain status will be granted and his remaining motions will be denied.

### I.    Relevant Background[1]

Tolson initiated this action, which arises from his incarceration at TTCC, by filing a form complaint for violation of civil rights on February 22, 2019. (Doc. No. 1.) Tolson then sought to

---

[1] The factual background for this action is laid out in detail in the June 30, 2020 report and recommendation screening Tolson's amended complaint (Doc. No. 74.) Only the facts relevant to the pending motions are discussed below.

amend his complaint several times (Doc. Nos. 16, 19, 20, 22, 23, 25, 28, 40, 44), and filed the operative amended complaint on July 31, 2019 (Doc. No. 46).

The Court screened the amended complaint under 42 U.S.C. § 1997e(c) and found that Tolson had stated colorable claims under 42 U.S.C. § 1983 against Defendants Sergeants Scottie Roach and Scottie Hudson; Correctional Officers Coby Jent, James Harmon, Kelsey Carter, and Daisy Naveret; and Case Manager Tara Greer Fish, each in their individual capacities. (Doc. Nos. 74, 82.) The Court allowed the following claims to proceed: excessive force claims against Jent and Harmon; deliberate indifference to medical needs claims against Roach and Jent; conditions of confinement claims against Hudson, Roach, Carter, and Naveret; a Sixth Amendment claim against Fish; and a retaliation claim against Hudson. (Doc. Nos. 74, 82.) All other claims were dismissed. (Doc. No. 82.) The Court also denied several discovery-related motions that Tolson had filed after the amended complaint, but before the amended complaint had been screened. (Doc. Nos. 59, 60, 63, 67–70.) Those motions were denied "without prejudice to refiling now that it is clear which claims are before the Court." (Doc. No. 86, PageID# 548.)

## II.     Analysis

### A.     Motion to Subpoena Employee Records

On September 25, 2020, summonses issued to Fish, Carter, and Harmon were returned unexecuted with notations stating that those defendants were no longer employed at TTCC. (Doc. Nos. 95, 96, 99.) The Court issued an order directing Warden Raymond Byrd or another authorized representative of TTCC to file those defendants' last-know addresses under seal so that the Court could issue updated summonses. (Doc. No. 104.) Shortly thereafter, Tolson filed a motion to subpoena the defendants' current places of employment from TTCC's employee records custodian. (Doc. No. 111.) Hudson, Jent, Naveret, and Roach filed the last-known addresses of Fish, Carter, and Harmon under seal (Doc. No. 107) in compliance with the Court's order. Fish,

Carter, and Harmon have now been served (Doc. Nos. 115, 116, 127), have appeared in this action (Doc. Nos. 117–122, 128–130), and have answered Tolson's amended complaint (Doc. No. 123). Accordingly, Tolson's motion to subpoena their addresses will be denied as moot.

### B. Motions for a Court Order to Release Specific Documents from Tolson's Medical Records and to Quash Subpoena

Tolson has moved for a court order to release specific documents from his medical records. (Doc. No. 87.) When Tolson filed this motion, he was incarcerated at the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee.[2] Tolson states that he attempted to obtain his medical records from MCCX staff, but was told that, under Tennessee Department of Corrections (TDOC) Policy 113.52, "paper copies of [an inmate's] health record shall not be released directly to the inmate, except by court order." (*Id.* at PageID# 551 (quoting TDOC Policy 113.52(VI)(B)(3)(e) (inmate access to health records).) Tolson seeks a court order directing MCCX to release the following records: (1) a problem-oriented progress record, CR-1884, dated March 4, 2019; (2) three sick call requests dated December 16, 2018, March 3, 2019, and March 5, 2019; (3) a Class B medical heath summary dated January 18, 2012; and (4) the first sick call request Tolson placed at the Northeast Correctional Center (NECX) in Mountain City, Tennessee, after he was transferred there from TTCC around June 7, 2019. (Doc. No. 87.) The defendants have not opposed this motion; Tolson has filed two motions to ascertain the motion's status. (Doc. Nos. 106, 110.)

On October 28, 2020, the Court received Tolson's motion to quash a subpoena that Hudson, Jent, Naveret, and Roach issued to obtain Tolson's entire medical record, arguing that the subpoena is overbroad and seeks evidence that is not relevant to this action. (Doc. No. 112.) Tolson

---

[2] Tolson has informed the Court that he is now incarcerated at the Riverbend Maximum Security Institution (RMSI) in Nashville, Tennessee. (Doc. No. 138.)

contemporaneously filed a self-styled "objection" to the same subpoena. (Doc. No. 113, PageID# 660.) In both filings, Tolson asserts that only the documents that he sought in his motion for a court order to release specific documents from his medical records (Doc. No. 87) are relevant to his claims in this action and argues that the defendants should not be permitted to subpoena his entire medical record (Doc. Nos. 112, 113).

Hudson, Jent, Naveret, and Roach responded to Tolson's motion to quash, stating that, before issuing the subpoena, they asked Tolson to execute a medical release and told Tolson that they would give him copies of any records they obtained under the release, but Tolson did not respond to their request. (Doc. Nos. 114, 114-1.) They argue that they "need Tolson's medical records both before and after the events that are alleged in this lawsuit to better understand Tolson's medical history and the impact of the allegations in the lawsuit on Tolson" and to avoid the inadvertent omission of relevant records. (Doc. No. 114, PageID# 666.)

Ordinarily, a party has no standing to challenge a subpoena issued to a non-party unless the party can claim some personal right or privilege with regard to the documents sought. *Mann v. Univ. of Cincinnati*, Nos. 95-3195, 95-3292, 1997 WL 280188, at *4 (6th Cir. 1997) (citing 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (1995)). Tolson has standing to challenge this subpoena based on his personal right in the privacy of his medical record. *See id.* Under Federal Rule of Civil Procedure 45(d)(3)(A), the Court must, pursuant to a "timely" motion, quash or modify a subpoena that "fails to allow a reasonable time to comply;" "requires a person to comply beyond the geographical limits specific in Rule 45(c);" "requires disclosure of privileged or other protected matter, if no exception or waiver applies;" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). While Rule 45 does not list irrelevance or overbreadth as grounds for quashing a subpoena, courts have found that the scope of discovery

4

under a subpoena is the same as the scope of discovery under Rule 26. *See, e.g.*, *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011). Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401).

Tolson's medical record is relevant to his claims in this action. By claiming that Roach and Jent were deliberately indifferent to his serious medical needs, Tolson placed his medical condition and the medical care he received directly at issue. *See Kitchen v. Corizon Health, Inc.*, No. 1:16-cv-1068, 2017 WL 5099892, at *3 (W.D. Mich. Nov. 5, 2017). Likewise, evidence of Tolson's health is relevant to establish any damages Tolson suffered as a result of the excessive force he claims Harmon and Jent used against him or the conditions of his confinement. *See Jackson v. Hoylman*, Nos. 92-3554, 92-3607, 1993 WL 501591, at *5 (6th Cir. Dec. 3, 1993) (finding that plaintiff's damages claims for alleged unlawful arrest and excessive force put his physical and emotional condition directly at issue and concluding that trial court did not abuse its discretion in admitting plaintiff's prior medical history as relevant to plaintiff's damage claims). Tolson "'does not get to choose which discrete portions of his medical records he permits Defendants to discover.'" *Kitchen*, 2017 WL 5099892, at *3 (W.D. Mich. Nov. 5, 2017) (quoting *Sleighter v. Kent Cnty Jail Adm'r*, No. 1:12-cv-703, 2013 WL 5320203, at *5 (W.D. Mich. Sept. 20, 2013)). Records from before, during, and after the events alleged in the complaint are relevant to show Tolson's preexisting physical condition, the treatment he received during the time period addressed in his amended complaint, and any continued medical treatment he received as a result of the

5

Case 3:19-cv-00175   Document 141   Filed 09/24/21   Page 5 of 6 PageID #: 782

events he alleges took place. Because Tolson's entire medical record is relevant to his claims against Roach, Jent, Harmon, Carter, Hudson, and Naveret, his motion to quash will be denied.

The specific medical records that Tolson seeks in his own motion presumably will be among the full set of medical records produced pursuant to the defendants' subpoena. The defendants have offered to provide Tolson copies of any medical records they obtain. (Doc. No. 114, PageID# 666.) The Court will order the defendants to provide Tolson with a copy of the full set of his medical records. Tolson's motion for a court order to release specific documents from his medical records will be denied without prejudice to refiling if the defendants do not provide the medical records Tolson has requested in that production.

**III.    Conclusion**

For the foregoing reasons, Tolson's motions to ascertain status (Doc. Nos. 106, 110, 137) are GRANTED.

Tolson's motion to quash a subpoena (Doc. No. 112) is DENIED. The defendants are ORDERED to provide Tolson with copies of all of Tolson's medical records that they obtain through discovery within seven days after they receive the records from Tolson's providers. Tolson's motion for a court order to release specific documents from Tolson's medical record (Doc. No. 87) is DENIED WITHOUT PREJUDICE to refiling if the defendants do not produce the medical records that Tolson has requested.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge