UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAMIEAN DEVON TOLSON, | |
| Plaintiff, | Case No. 3:19-cv-00175 |
| v. | Judge Eli J. Richardson |
| | Magistrate Judge Alistair E. Newbern |
| WARDEN F/N/U WASHBURN, et al., | |
| Defendants. | |

## MEMORANDUM ORDER

This action arises from pro se Plaintiff Damiean Devon Tolson's incarceration at the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee. (Doc. No. 46.) Before the Court are Tolson's motion to amend a pleading (Doc. No. 144), request for an order of admission[1] (Doc. No. 174), and motion regarding the sufficiency of an objection[2] (Doc. Nos. 176, 182). Defendants Sergeants Scottie Roach and Scottie Hudson III; Correctional Officers Coby Jent, James Harmon, Kelsey Carter, and Daisy Naveret; and Case Manager Tara Greer Fish have responded in opposition the motions. (Doc. Nos. 150, 180, 181.) Tolson filed a reply in support of his motion to amend. (Doc. No. 152.) Tolson has also filed a document entitled "supplemental pleading." (Doc. No. 175.)

For the reasons that follow, Tolson's motions will be denied and his supplemental pleading will not be considered.

---

[1] This filing appears to be a motion, but was docketed as a notice.

[2] The Court first received this motion on March 22, 2022 (Doc. No. 176), then received a second copy of the motion on April 6, 2022 (Doc. No. 182).

I.      **Relevant Background**

Tolson initiated this action by filing a form complaint for violation of civil rights on February 14, 2019.[3] (Doc. No. 1.) Tolson sought to amend his complaint several times (Doc. Nos. 16, 19, 20, 22, 23, 25, 28, 40, 44), and filed the operative second amended complaint on July 31, 2019 (Doc. No. 46). The Court screened the second amended complaint under 42 U.S.C. § 1997e(c) and allowed the following claims to proceed:

- Eighth Amendment excessive force claims against Jent and Harmon based on an alleged assault on April 20, 2019, during which Jent and Harmon put their combined weight onto Tolson's hand while it was hanging out of his cell's tray flap;

- an Eighth Amendment deliberate indifference to medical needs claim against Roach based on Roach's decision to place Tolson in an upper-level cell on January 11, 2019, despite a doctor's order prohibiting Tolson from being housed in an upper-level cell or climbing stairs due to a herniated disc in his back;

- an Eighth Amendment deliberate indifference to medical needs claim against Jent based on Jent's failure to obtain medical care for Tolson after Tolson collapsed while climbing the stairs on April 19, 2019, and also based on the April 20, 2019 assault described above;

- Eighth Amendment conditions of confinement claims against Hudson, Roach, Carter, and Naveret based on deprivations of food and showers; and

- a First Amendment retaliation claim against Hudson based on a physical altercation between Tolson and Hudson on December 13, 2018.

---

[3]      Under the standard governing filings by pro se incarcerated litigants—known as the "prison mailbox rule"—"a pro se prisoner's [pleading] is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002)). Courts assume, "absent contrary evidence," that an incarcerated person delivered a legal filing to prison authorities "on the date he or she signed [it]." *Id.* Because Tolson is incarcerated, all dates for his filings discussed in this Order refer to the dates on which Tolson signed his filings, except for where the Order specifically refers to the date on which the Court received a filing. Tolson signed his original complaint on January 31, 2019, but drafted a cover letter to the Clerk of Court dated and signed February 14, 2019, explaining that he was sending the Court two "completed copies of [his] [§]1983 complaint[.]". (Doc. No. 1, PageID# 13.) The Court therefore finds that Tolson's complaint was handed over to prison officials for mailing on February 14, 2019.

(Doc. Nos. 74, 82.) All of Tolson's other claims have been dismissed. (Doc. No. 82.)

On October 4, 2021, Tolson filed a motion to amend a pleading (Doc. No. 144), seeking "to amend the operative complaint . . . to exclude all the claims that the [C]ourt has dismissed, and to utilize this more comprehensive report . . . ." (Doc. No. 144, PageID# 793.) Tolson attached a proposed third amended complaint to the motion. (Doc. No. 144-1.) The defendants responded that Tolson's motion to amend should be denied because his proposed third amended complaint "contains additional allegations beyond those that the Court has permitted to proceed" and amendment to include those additional claims would be futile because they are barred by the applicable one-year statute of limitations. (Doc. No. 150, PageID# 831.) Tolson replies that the defendants' response is untimely under Local Rule 7.01(a)(3), that the claims in his proposed third amended complaint are "printed verbatim from the original complaint," and that the proposed amendments provide "a more comprehensive report of the claims that the [C]ourt allowed to proceed[.]" (Doc. No. 152, PageID# 837.)

On February 9, 2022, Tolson filed a set of six requests for admission with the Court. (Doc. No. 160.) The Court later received two motions related to that filing: Tolson's motion regarding the sufficiency of an objection, which is dated March 15, 2022 (Doc. No. 176), and Tolson's motion for an order of admission, which is dated March 16, 2022 (Doc. No. 174). In the motion regarding the sufficiency of an objection, Tolson states that the defendants responded "incorrectly" to his fifth request for admission. (Doc. No. 176, PageID# 972.) In the motion for an order of admission, Tolson asks the Court to deem the matters in his requests for admission to be admitted because "it has . . . been more than 30 days, and the defendants have failed to serve any answer(s) or objection(s) to [Tolson's] requests." (Doc. No. 174, PageID# 966.)

The defendants have responded in opposition to both motions (Doc. Nos. 180, 181), attaching a copy of their answers to Tolson's requests for admission (Doc. Nos. 180-1, 181-1). The defendants argue that both motions should be denied because Tolson did not confer with defense counsel before filing the motions, as required by the Court's scheduling order (Doc. No. 142). (Doc. Nos. 180, 181.) They also argue that Tolson's statements that the defendants did not respond to his requests for admission are false (Doc. No. 181) and that their objection to Tolson's fifth request for admission was proper (Doc. No. 180).

## II.  Analysis

### A.  Tolson's Motion to Amend a Pleading and Supplemental Pleading

Tolson argues that the Court should not consider the defendants' response in opposition to his motion to amend because it was filed on October 29, 2021, more than fourteen days after Tolson gave his motion to amend to prison officials for mailing to the Court and to the defendants. (Doc. No. 152); *see also* M.D. Tenn. R. 7.01(a)(3) (response) (providing that "any party opposing a motion must serve and file a memorandum of law in response . . . not later than fourteen (14) days after service of the motion" and that "[i]f a timely response is not filed, the motion shall be deemed to be unopposed . . ."). Because Tolson served the defendants by mail, Federal Rule of Civil Procedure 6(d) adds three days to the period for the defendants to respond. Fed. R. Civ. P. 6(d). Although Tolson certified that he provided his motion to amend and proposed third amended complaint to prison officials for mailing on October 4, 2021, the Court did not receive those filings until October 15, 2021. (Doc. No. 144.) In light of this apparent mail delay, the Court considers the defendants' response, which was filed fourteen days after Tolson's motion to amend and proposed third amended complaint were docketed, to be timely filed.

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This

"mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing *de novo* district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

Tolson argues that the proposed third amended complaint includes "no change(s) to any of [his] claims" and is "simply a more comprehensive report of the claims that the Court allowed to proceed[.]" (Doc. No. 152, PageID# 837.) To the extent that is true, there is no need for Tolson to file another amended complaint—the operative second amended complaint suffices to make Tolson's claims and supporting factual allegations known. *See Hometown Folks, LLC v. S&B Wilson, Inc.*, No. 1:06-cv-81, 2007 WL 3069639, at *5 (E.D. Tenn. Oct. 18, 2007) (adopting Magistrate Judge's finding that proposed amendment was unnecessary "[t]o the extent that the

proposed amendment makes no substantive changes to the plaintiff's present claims against the defendants" because "[t]he [d]istrict [c]ourt can capably examine the complaint and determine" its contents).

Further, as the defendants have noted (Doc. No. 150), Tolson's proposed third amended complaint contains some allegations and claims that this Court has already dismissed. In the second amended complaint, Tolson alleges that he was placed in a cell with an unidentified incompatible individual on January 11, 2019, and that he was placed into a cell with an incompatible individual named Mario Johnson on April 17, 2019. (Doc. No. 46.) When the Court screened Tolson's second amended complaint, the Court interpreted it to allege that "Roach and Hudson twice forced him to share a cell with Mario Johnson[.]" (Doc. No. 74, PageID# 484.) The Court stated,

> Tolson argues that Hudson and Roach violated Tennessee Department of Correction (TDOC) policy and the Eighth Amendment by requiring inmates of different custody levels to share a cell. Even if it is true that Hudson and Roach's decision violated TDOC policy, as the Court explained in its original screening order, "failure to comply with a state regulation is not itself a constitutional violation." *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992). Tolson has not alleged that housing him with Johnson presented any risk of harm and thus cannot establish that Hudson or Roach were deliberately indifferent to his safety in placing him with Johnson. *See Hugueley v. Haslam*, No. 3:16-cv-02885, 2017 WL 194288, at *5 (M.D. Tenn. Jan. 18, 2017) (finding that plaintiff had failed to plead deliberate indifference claim based on prison officials' choice to house him with incompatible prisoners where he had not alleged that failure "to keep incompatible prisoners separate from one another pose[d] any risk to his safety, let alone a 'substantial risk' . . ."). Accordingly, Tolson has failed to plead an Eighth Amendment claim against Hudson or Roach in their individual capacities based on their decision to house Tolson with Johnson.

(*Id.* at PageID# 484–85 (alterations in original).)

In his proposed third amended complaint, Tolson specifies that, on January 11, 2019, he was housed with an individual named Jerry Benson, not Mario Johnson. (Doc. No. 144-1.) Tolson alleges that Benson "threatened" him, that the men "argued loudly for 45 minutes[,]" that Benson was a well-known member of the Crips gang, and that Benson was "dangerous[.]" (Doc. No. 144-

6

1, PageID# 808–809.) Like the allegations in Tolson's amended complaint, these general, conclusory allegations do not establish that housing Tolson with Benson created a risk of harm. *See Hugueley*, 2017 WL 194288, at *5 (finding that plaintiff did not state an Eighth Amendment claim for deliberate indifference to his safety where he "d[id] not allege that the failure of Defendants to . . . keep incompatible prisoners separate from one another poses any risk to his safety, let alone a 'substantial risk' to his safety" (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994))). Therefore, like his second amended complaint, Tolson's proposed third amended complaint does not state a colorable Eighth Amendment claim against Hudson or Roach based on their decision to house Tolson with incompatible inmates—whether Johnson or Benson—and allowing Tolson to amend his complaint to include those claims would be futile.

Tolson also alleges in the proposed third amended complaint that he was placed in segregation without justification; that he was denied recreation time, access to his property, barber services, legal assistance, access to the library, and telephone privileges; that unnamed medical providers did not respond to his sick call requests; that he was not provided with a sleeping mat or blanket as required by his medical orders; that Hudson's two inmate advisors and members of TTCC's special operations response team assaulted him; that the water supply to his cell was cut off for one or two hours; and that the call button in his cell did not function properly. (Doc. No. 144-1.) The Court found when it screened Tolson's second amended complaint that these facts did not suffice to state colorable claims against the defendants. (Doc. Nos. 74, 82.) Tolson's proposed amendments do not remedy the deficiencies. Therefore, to the extent that Tolson's proposed third amended complaint contains allegations and claims that the Court has already dismissed, amendment to include them would be futile. *See Thompson v. Kline*, No. 4:16cv1926, 2017 WL 1166128, at *2 (N.D. Ohio Mar. 29, 2017) (denying motion to amend as futile where

7

"plaintiff's proposed amendments to his complaint simply restate the claims and arguments already considered by the [c]ourt and would therefore be dismissed for the same reasons that the [c]ourt dismissed the original complaint"). Accordingly, Tolson's motion to amend (Doc. No. 144) will be denied.

On March 17, 2022, Tolson filed a document titled "Plaintiff's Supplemental Pleading[,]" in which he purports to add new claims and damages, including claims for "dereliction of duty"; "assault with battery and dereliction of duty"; and "retaliation by excessive force." (Doc. No. 175, PageID# 968–69.) Tolson asserts that this supplemental pleading is filed under Federal Rule of Civil Procedure 15(d). (Doc. No. 175.) That rule provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Tolson has not filed a motion for leave to supplement his pleadings under Rule 15(d), and his filing does not "set[ ] out any transaction, occurrence, or event that happened after the date" he filed his second amended complaint. *Id.* Further, the Court's scheduling order provides that any motions to amend the pleadings were due "on or before November 24, 2021." (Doc. No. 142, PageID# 785.) Thus, even if the Court were to construe Tolson's filing as a motion under Rule 15(d), that motion would be untimely. Accordingly, Tolson's "supplemental pleading" (Doc. No. 175) will not be considered. Tolson's second amended complaint (Doc. No. 46) remains the operative pleading in this action.

### B. Tolson's Motion for an Order of Admission and Motions Regarding the Sufficiency of an Objection

Rule 36(a)(1) provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to" "facts, the application of law to fact, or opinions about either; and" "the

genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A)–(B). Requests for admission "are not a general discovery device[,]" *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986) (citing 8C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2253 at 706 & n.23 (1970)), but "are time-saving devices, designed to narrow the particular issues for trial." *King v. Butler Mfg. Co.*, No. 07-1165, 2008 WL 11409441, at *1 (W.D. Tenn. July 30, 2008) (citing Fed. R. Civ. P. 36(a) advisory committee's notes on 1970 amendments). Rule 36(a)(4) governs answers to requests for admission and provides that

> [i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). If the answering party objects to a request, "[t]he grounds for objecting . . . must be stated." Fed. R. Civ. P. 36(a)(5). The requesting party may file a motion under Rule 36(a)(6) "to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). If the court finds that the answering party's objection is unjustified, the court shall order that an answer be served. *Id.* If the court finds that the answer does not comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." *Id.*

Tolson asserts in his motion for an order of admission, filed on March 16, 2022, that the defendants did not respond to his requests for admission. (Doc. No. 174.) But Tolson's motion to challenge the sufficiency of the defendants' objection to his requests, filed on March 15, 2022, directly addresses the contents of the defendants' answer to his requests for admission. (Doc. No. 176.) Therefore, it is apparent that the defendants have responded to Tolson's requests for admission, and Tolson's motion for an order of admission (Doc. No. 174) will be denied.

9

Case 3:19-cv-00175   Document 198   Filed 05/10/22   Page 9 of 11 PageID #: 1167

Tolson's motion regarding the sufficiency of an objection is directed at the defendants' response to Tolson's fifth request for admission. (Doc. No. 176.) That request states:

> It is well established as a matter of fact that on 1-11-2019 as the plaintiff was being physically carried upstairs by SCO Roach and other defendants[,] he was simultaneously forced into AC-206 with a[n] aggressive, incompatible "Crip" inmate who threatened the plaintiff and told these officials not to come in his cell unless [the plaintiff] was a "Crip." Yet these[ ] defendants . . . proceeded to physically push the defendant [*sic*] into that dangerous situation that they were also well aware of . . . and disregard [*sic*] a known risk.

(Doc. No. 160, PageID# 868–69 (third and sixth alterations in original).) The defendants "object to this Request for Admission on grounds that the Court dismissed all of Tolson's claims relating to his allegation that he was placed with an incompatible cellmate." (Doc. No. 180-1, PageID# 998, ¶ 5.) The defendants quote an excerpt from the Court's report and recommendation finding that Tolson's allegations that he was placed with an incompatible cellmate fail to state a claim under the Eighth Amendment (Doc. No. 180-1 (quoting Doc. No. 74, PageID# 484–85)), and conclude by stating, "[s]ubject to and without waiving this objection, Defendants deny the remaining allegations in Request for Admission 5" (*id.* at PageID# 999).

The defendants' answer to Tolson's fifth request for admission complies with the requirements of Rule 36. As required by Rule 36(a)(5), the defendants state their grounds for objecting to Tolson's request. *See* Fed. R. Civ. P. 36(a)(5). Rule 36 also states that a request for admission may only concern "matters within the scope of Rule 26(b)(1) . . . ." Fed. R. Civ. P. 36(a)(1). That rule provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Because the Court has dismissed any claims based on Tolson's allegations that he was housed with an incompatible cellmate (Doc. Nos. 74, 82), Tolson's fifth request for admission is not relevant to any of his claims in this action. Because the defendants properly

objected to Tolson's fifth request for admission under Rule 36, Tolson's motion regarding the sufficiency of an objection will be denied.

If the parties have any further disputes regarding requests for admission or the answers to those requests, they must confer in an effort to resolve the dispute without court action. If the parties are unable to resolve the dispute directly, they must request a telephone conference with the Magistrate Judge before filing any motion related to the dispute.

### III.     Conclusion

The Clerk of Court is DIRECTED to update the docket to reflect that Tolson's request for an order of admission (Doc. No. 174) is a motion, and to TERMINATE docket entry 182, which is a duplicate of docket entry 176.

For the foregoing reasons, Tolson's motion to amend a pleading (Doc. No. 144), motion for an order of admission (Doc. No. 174), and motion regarding the sufficiency of an objection (Doc. No. 176) are DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge